PROB 12C
(7/93)

# United States District Court

## for

## District of New Jersey

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Janelle Ann DaBreo          **Docket Number:** 10-00567-001
         **PACTS Number:** 58213

**Name of Sentencing Judicial Officer:** HONORABLE WILLIAM J. MARTINI
         UNITED STATES DISTRICT COURT JUDGE

**Date of Original Sentence:** 03/29/2011

**Original Offense:** CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE NARCOTICS

**Original Sentence:** 5 months imprisonment; 3 years supervised release.

**Type of Supervision:** TSR          **Date Supervision Commenced:** 10/07/11

**Assistant U.S. Attorney:** Randall Cook, 970 Broad Street, Room 502, Newark, New Jersey 07102, (973) 645-2700

**Defense Attorney:** Richard J. Verde, Esq. (Assigned), 704 Passaic Avenue, PO Box 401, West Caldwell, NJ 07006, (973) 227-5633

---

## PETITIONING THE COURT

[ ] To issue a warrant
[X] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The offender has violated the standard supervision condition which states '**You shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.**'<br><br>The offender tested positive for THC Metabolite on December 5, 2011, January 9, 2012, January 23, 2012, February 3, 2012, February 6, 2012, and April 19, 2012. |

2  The offender has violated the standard supervision condition which states '**You shall not commit another federal, state, or local crime.**'

On June 16, 2012, the offender was arrested by the New York City Police Department (NYPD) and charged with Criminal Possession of a Weapon 4th Degree: Firearm/Weapon in violation of New York State Penal Law 265.01 Class A misdemeanor, and Resisting Arrest in violation of New York State Penal Law 205.30 a class A misdemeanor. Specifically, according to police arrest reports, on June 16, 2012, as NYPD Officers were attempting to serve the offender with an Order of Protection, arresting NYPD Officers did observe a large kitchen knife in the offender's bag on her person. While the officers were attempting to affect the arrest of the offender, she began to kick her legs and flail her arms struggling with the NYPD officers. The offender did cause injury to one of the arresting NYPD Officers, thereby causing a laceration to his left hand. On June 17, 2012, the offender was arraigned in Kings County Criminal Court under docket number 20 12KN049672, and released. The matter has been adjourned until December 14, 2012. The offender failed to report this arrest to the U.S. Probation Office, within the seventy-two-hour period as required by the conditions of her re lease. The Probation Office was notified about the offender's arrest via computer notification. The offender last reported to the U.S. Probation Office on May 22, 2012, at which time she submitted a Monthly Supervision Report Form via the kiosk machine. The offender did not meet with any Probation Office staff. Efforts to contact the offender and have her report to the Probation Office have been met with negative results.

3  The offender has violated the special supervision condition which states '**MENTAL HEALTH TREATMENT**

**You shall undergo treatment in a mental health program approved by the United States Probation Office until discharged by the Court. As necessary, said treatment may also encompass treatment for gambling, domestic violence and/or anger management, as approved by the United States Probation Office, until discharged by the Court. The Probation Officer shall supervise your compliance with this condition.**'

The offender was initially released from the custody of Bureau of Prisons on October 7, 2012. She failed to report to the U.S. Probation Office within the seventy-two hours of release as required. The U.S. Probation Office contacted the offender and she finally reported for the initial contact on October 25, 2012. At that time, she was referred for mental health treatment at the Fortune Society Mental Health Treatment Center, with an intake appointment set for November 1, 2012. The importance of attending this appointment was conveyed to the offender who detailed the struggles of her life as a young mother of disabled children. On October 28, 2012, the offender reported to the U.S. Probation Office, at which time she was provided with additional referrals for resources to medicaid, credit counselors and pro-se lawyers to assist the offender's family as their house is in foreclosure. The offender reported to have no monetary funds, so the Probation Office provided her with the necessary funds to ensure she would be able to attend her intake appointment at Fortune Society for mental health treatment. The offender failed to report to the Fortune Society on November 1, 2011, for her scheduled intake appointment. Numerous voice mail

messages were left on the offender's cell phone and home telephone requesting that she contact the U.S. Probation Officer. The offender failed to respond to any of the messages. Home contacts were conducted and met with negative results. On the morning of Saturday, December 3, 2011, a collateral contact was made with neighbors who verified that the offender continued to reside at the residence. Another message was left on the answering machine instructing the offender to report to the U.S. Probation Office on December 5, 2011. Furthermore, the undersigned taped a large envelope to the front door, with a letter enclosed instructing the offender to report to the U.S. Probation Office on December 5, 2011. On December 5, 2011, the offender reported to the U.S. Probation Office, and admitted to smoking marijuana and failing to report to any of the referrals provided to her. During this office contact Dabreo was instructed that she was being placed on a biweekly reporting schedule . She was instructed to report every other Monday. The offender has failed to abide by this reporting schedule.

4      The offender has violated the special supervision condition which states 'ALCOHOL/DRUG TESTING AND TREATMENT

**You shall refrain from the illegal possession and use of drugs, including prescription medication not prescribed in your name, and the use of alcohol, and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that you shall submit to evaluation and treatment, on an outpatient or inpatient basis, as approved by the U.S. Probation Office. You shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged by the Court. You shall alert all medical professionals of any prior substance abuse history, including any prior history of prescription drug abuse. The Probation Officer shall supervise your compliance with this condition.'**

From December 2011 through May 2012 , the offender failed to attend outpatient substance abuse treatment as directed by the U.S. Probation Officer. Specifically, during an office contact of December 5, 2011, the offender admitted to smoking marijuana and failing to keep her intake appointment for mental health treatment with Fortune Society. Subsequently, an immediate referral was made to Bridge Back to Life (a dual diagnosis program) with an intake appointment scheduled for the following day on December 6, 2012. The offender failed to attend this intake appointment as directed. Efforts to have the offender report back to the U.S. Probation Office proved difficult. The offender finally responded and reported to the U.S. Probation Office on January 9, 2012. A second intake appointment was scheduled for Dabreo, at Bridge Back to Life (BBTL) for January 10, 2012. The offender failed to attend this second intake appointment on January 10, 2012. The offender reported back to the Probation Office on January 23, 2012, and stated she was unable to keep her scheduled intake appointment at BBTL, as her mother had an appointment with Human Resource Administration Offices. On February 1, 2012, during a home contact, Dabreo was instructed to attend her third scheduled intake appointment at BBTL on February 2, 2012. DaBreo attended this appointment and her treatment counseling sessions were set up for Monday and Wednesday evenings. On March 3,2012, a case conference was conducted with the Assistant Clinical Director of Bridge Back to Life, Richard McKee, who *advised the undersigned officer, "Ms.*

Dabreo has failed to report to the program in several weeks. Numerous efforts of outreach have been made to have Ms. Dabreo attend treatment, each time contact was successful in reaching the Dabreo, she would state that she was coming to the program and not show. It is obvious that Dabreo is not ready or willing to engage in any type of recovery efforts and has no interest in attending or participating in substance abuse treatment.".

I declare under penalty of perjury that the foregoing is true and correct.

*Jessica M. Alberts*

By: Jessica M. Alberts
U.S. Probation Officer
Date: 9/28/12

THE COURT ORDERS:

[ ] The Issuance of a Warrant
[X] The Issuance of a Summons. Date of Hearing: 10/17/12, 10:00 AM
[ ] No Action
[ ] Other

_____
Signature of Judicial Officer

10/3/12
Date